**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. JASON M. COHEN, M.D., F.A.C.S., as authorized representative of D.R., as assignee of D.R., | CIVIL ACTION NO. 13-2487 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| QUALCARE, INC., et al., | |
| Defendants. | |

**THE COURT** ordered the parties to show cause why the complaint should not be dismissed.  (See dkt. entry no. 37, Order to Show Cause.)  The Court was concerned that (1) the Employee Retirement Income Security Act ("ERISA") did not apply to this action, and (2) there was not a proper assignment of benefits ("Assignment").  (Id.)  The Court assumes that the parties are otherwise familiar with the contents of the Order to Show Cause.

**THE COURT** intends to vacate the part of the Order to Show Cause concerning the issue of the Assignment based upon the responses of the parties.  (See dkt. entry no. 39, Pl. Br.; dkt. entry no. 40, Defs. Br.; dkt. entry no. 41, Pl. Reply.)

**BUT THE COURT** will grant the part of the Order to Show Cause concerning the inapplicability of ERISA to this action.  The parties rely on cases in their responses where

that issue was either sidestepped or not raised, and thus this Court is not bound by those cases in the analysis here.  (See Pl. Br.; Defs. Br.)

**THE PARTIES** argue that ERISA applies here because the medical-provider plaintiff cites ERISA in his allegations concerning the amount he seeks to be paid.  (See dkt. entry no. 1, Compl.; Pl. Br.; Defs. Br.)  That argument is without merit.  See CardioNet, Inc. v. Cigna Health Corp., No. 13-2496, 2014 WL 1778149, at *10 (3d Cir. May 6, 2014) (stating dispute over amount of payment should be asserted under state law, whereas claim for coverage of service should be asserted under ERISA); see also Cmty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan, 143 Fed.Appx. 433, 435-36 (3d Cir. 2005); Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400-04 (3d Cir. 2004).  "The term 'ERISA' cannot be used as a magic talisman to automatically invoke federal jurisdiction."  Trelease v. Metro. Life Ins. Co., No. 07–3841, 2008 WL 4117258, at *7 (D.N.J. Aug. 29, 2008).  ERISA does not apply here, as "the dispute is not over coverage and eligibility, i.e., the right to payment, but rather over the amount of payment to which the [provider] is entitled".  Englewood Hosp. & Med. Ctr. v. AFTRA Health Fund, No. 06-637, 2006 WL 3675261, at *5 (D.N.J. Dec. 12, 2006); see UPMC Presby Shadyside v. Motel Hotel Assocs., No. 06-1323, 2006 WL 3484316, at *3 (W.D. Pa. Nov. 30, 2006) (stating ERISA does not apply because action was "dispute over 'how much,' not over 'whether' there is coverage or eligibility in the first instance").

**THE COURT** will (1) grant the part of the Order to Show Cause concerning the inapplicability of ERISA, and (2) dismiss the complaint without prejudice to the plaintiff to recommence the action in state court to seek relief pursuant to state law within thirty days.[1]  For good cause appearing, the Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: July 1, 2014

---

[1]  Even if addressing the plaintiff's claims in the context of a motion for summary judgment by the defendants, the Court might have been inclined to grant such a motion without prejudice to the plaintiff to reinstate the claims in state court under state law in the interests of justice.